UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOSEPH A. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | 2:05-cv-00125-RLY-WGH |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.  The petitioner seeks recusal of the undersigned. The petitioner asserts that the court demonstrated bias and prejudice against the petitioner by what he asserts is its mistaken rationale in ruling on his motion for appointment of counsel on August 31, 2005. The petitioner also asserts that this asserted error is indicative of the appearance of bias. The request for the recusal is denied, because adverse rulings against a party are not evidence of bias. *Matter of Huntington Commons Associates,* 21 F.3d 157, 158-59 (7th Cir. 1994).  Such rulings are proper grounds for appeal, not for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions").

2.  Notwithstanding the foregoing ruling, the petitioner may seek reconsideration of the ruling of August 31, 2005, if he can identify grounds for seeking such relief.

3.  The petitioner's motion for the court to serve copies of pleadings on the petitioner's behalf, filed on January 6, 2006, is **denied** as (a) unnecessary in light of the notification of filings in place through the court's electronic docket, and (b) an impermissible effort to evade his responsibility to serve counsel for the respondent with materials submitted to the clerk for filing as required by Rule 5(a) of the *Federal Rules of Civil Procedure*.

**IT IS SO ORDERED.**

Date: 01/12/2006

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Joseph A. Taylor, # 905002
Pendleton Correctional Facility
P.O. Box 30
Pendleton, IN 46064

Stephanie Lynn Rothenberg
INDIANA STATE ATTORNEY GENERAL
srothenberg@atg.state.in.us