UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOSEPH A. TAYLOR,            )
                             )
         Petitioner,         )
    v.                       )   2:05-cv-00125-RLY-WGH
                             )
STANLEY KNIGHT,              )
                             )
         Respondent.         )

**Entry Discussing Petition for Writ of Habeas Corpus**

      Habeas petitioner Joseph A. Taylor was disciplined at an Indiana prison for misconduct consisting of refusing to work or accept a work, program or housing assignment or unauthorized absence from any work or program assignment. These proceedings are identified as No. ISR 05-03-0044 and as No. ISR 05-03-0082. The discipline was imposed after conduct reports had been issued, after Taylor was notified of the charge, after Taylor was notified of his procedural rights in connection with the matter, and after Taylor attended a hearing on each charge and made a statement concerning the charge. These steps provided Taylor with the procedures required by *Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963 (1974), including providing him with an adequate statement of its findings and the evidence on which it relied to support its findings. Such statements are required by *Wolff* to inform the inmate of what occurred and to permit meaningful administrative and judicial review. *See Culbert v. Young,* 834 F.2d 624, 630 (7th Cir. 1987) ("the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides"); *Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir. 1987) (where it is "obvious" that a disciplinary committee believed the conduct report and disbelieved the plaintiff and there is no mystery about its reasons, even a statement of extreme brevity concerning the reasons for its findings is not below the constitutional minimum). Taylor's concerns with what he characterizes as the failure of the conduct boards to address other requirements of prison regulations do not support a cognizable claim for relief. *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

Taylor also claims that there was insufficient evidence to support the conduct board's finding of guilt. In this setting, due process requires that a conduct board's decision be supported by "some evidence." *Superintendent of Walpole v. Hill,* 472 U.S. 445, 457, (1985). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In this case, the conduct reports satisfy the "some evidence" requirement of *Hill.* They do so for the reasons explained by the respondent in his return to order to show cause and the memorandum in support of such return–which Taylor has not opposed. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). The evidence in this case was constitutionally sufficient. No more is required.

Because Taylor's disciplinary conviction is supported by some evidence, the review of this court ends. *See Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir. 1987) (*citing Wolff,* 418 U.S. at 564-65.) ("A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct.").

Taylor's remaining claims also fail to support the relief he seeks. Specifically, the expanded record shows that he received meaningful administrative review of his disciplinary hearings. In addition, although three persons he requested as witnesses did not testify, their failure to do so was fully justified by the absence of any material information they could have presented, and hence there was no due process violation in the failure of these individuals to appear and provide evidence at the hearings. *See Wolff,* 418 U.S. at 566 (explaining that prison officials have the right and the responsibility to keep disciplinary proceedings within reasonable limits).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. The disciplinary proceeding Taylor challenges in this action does not support federal habeas relief for all the reasons noted. Accordingly, his petition for a writ of habeas corpus must be **denied** and his action dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/17/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana